UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PACIFIC NORTHWEST EB-5 REGIONAL CENTER, et al., | CASE NO. C25-0597-KKE |
| Plaintiff(s), | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| KRISTI NOEM, et al., | |
| Defendant(s). | |

The Court previously granted Defendants' motion to dismiss this action without prejudice, because Plaintiff Michelle Darnbrough's administrative appeal of her visa revocation was ongoing and that failure to exhaust impacted all Plaintiffs. Dkt. No. 23. Plaintiffs Green Truck General Partner LLC, Green Truck IX Limited Partnership, and Pacific Northwest EB-5 Regional Center (collectively "Corporate Plaintiffs") filed a motion for reconsideration of the Court's order, arguing that the Court erroneously held Darnbrough's failure to exhaust against the Corporate Plaintiffs, and that the Corporate Plaintiffs are entitled to "narrow injunctive relief" while Darnbrough awaits her administrative adjudication. Dkt. No. 25 at 2.

"Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1).

ORDER DENYING MOTION FOR RECONSIDERATION - 1

> A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly. *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

*Nelson v. Thurston County*, No. C18-5184 RBL, 2019 WL 1489134, at *1 (W.D. Wash. Apr. 3, 2019).

Here, the Corporate Plaintiffs' motion for reconsideration merely asks the Court to rethink what it has already thought through, without showing that reconsideration is warranted. As explained in the Court's earlier order granting the motion to dismiss, the operative complaint brought all claims on behalf of all Plaintiffs (Dkt. No. 9) and requested judicial review of the "JCE/TEA Rule" as articulated in Darnbrough's visa revocation, while her administrative appeal of that revocation was ongoing. *See* Dkt. No. 23 at 12. The Court previously explained why it concluded that judicial review of JCE/TEA Rule was unavailable until the conclusion of the administrative proceedings (*id.*), and the Corporate Plaintiffs' motion for reconsideration does not establish manifest error in that explanation.

Likewise, the Corporate Plaintiffs have failed to identify new facts or legal authority bearing on the Court's order that could not have been brought to its attention earlier. The Corporate Plaintiffs' reply brief notes that on September 22, 2025—after the Court granted Defendants' motion to dismiss on September 15, 2025—Darnbrough's administrative appeal was denied, and thus she has now exhausted her administrative remedies. Dkt. Nos. 27, 36. Although the Corporate Plaintiffs suggest that because Darnbrough exhausted post-dismissal, the Court should reopen this case and proceed to consider the merits, they cite no authority to support this position and the Court is aware of authority suggesting otherwise. *See, e.g., Miller v. Najera*, No. 1:12-cv-

ORDER DENYING MOTION FOR RECONSIDERATION - 2

01288-LJO, 2019 WL 194762, at *1 (E.D. Cal. Jan. 15, 2019) (rejecting a plaintiff's request to reopen a case previously dismissed for failure to exhaust, on the basis that he had now exhausted (citing *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005) ("A district court must dismiss a case without prejudice when there is no presuit exhaustion, even if there is exhaustion while suit is pending." (citation modified))); *Brooks v. Williams*, No. 2:10-cv-00045-GMN-LRL, 2013 WL 835973, at *3 (D. Nev. Mar. 6, 2013) ("The dismissal of a prior federal petition without prejudice for lack of exhaustion does not become 'moot' if the petitioner thereafter exhausts the previously unexhausted claims. The petitioner then would be able to file a new federal petition in a new action under a new docket number to present the exhausted claims."). Although this authority does not explicitly discuss exhaustion under the EB-5 Reform and Integrity Act (as applicable in this case), the Corporate Plaintiffs have nonetheless provided no argument or authority to rebut Defendants' argument that "[a]ny Plaintiff wishing to challenge the [Administrative Appeals Office's] decision would need to file a new lawsuit establishing jurisdiction and standing[,] which Defendants do not concede." Dkt. No. 33 at 4 n.1. Thus, the Court finds that Darnbrough's post-dismissal exhaustion does not provide a basis for reconsideration of the Court's prior order.

Because the Corporate Plaintiffs have not met their burden to show that the Court's order granting Defendants' motion to dismiss should be reconsidered, the Court DENIES the motion. Dkt. No. 25.

Dated this 20th day of February, 2026.

Kymberly K. Evanson
United States District Judge